DUFRESNE, Judge.
This is an appeal by Richard Stephens, plaintiff-appellant, from summary judg *1100 ments in this slip and fall case rendered in favor of his employer, Superior Waterbeds, Inc. and the owners of a building leased to his employer. Because we find no error in the actions of the trial court, we affirm.
The alleged facts are that Stephens slipped and fell on a plastic strip at the edge of a carpet in the entryway of his employer’s store on a rainy day. As a result, he ruptured a disc in his back which required surgery. He brought this action against the owners of the building and their insurers, Lafayette Insurance Co., alleging that the plastic strip was a defect in the premises and that the owners were thus liable for his injury. The owners then brought a third-party demand against the employer. The basis of this demand was a clause in the lease whereby Superior Waterbeds, Inc., the employer-lessee, had assumed responsibility for all defects in the premises. The employer’s workman’s compensation insurer, The Home Insurance Co., also intervened against the owners seeking indemnification for benefits paid.
Lafayette and the owners moved for summary judgment in plaintiff’s original suit and filed in support thereof a copy of the lease with Superior Waterbeds, and an affidavit setting forth that none of the owners had knowledge of any defect in the building. Superior Waterbeds also moved for summary judgment as to Lafayette’s third-party demand against it. It argued that plaintiff’s sole remedy as to his employer is in workman’s compensation, and that if the owners were found liable and permitted to recover from Superior Waterbeds, that result would impermissibly circumvent the “exclusive remedy” clause of the compensation statutes. Both motions were granted by the trial judge, and this appeal followed.
Under La.Code Civ.Pro., art. 966, summary judgment shall be rendered when there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law. Also applicable here is La.R.S. 9:3221, which provides that when a lessee assumes responsibility for defects in the leased premises, the owner is not liable for injuries caused by a defect unless he knew or should have known of the defect, or received notice of it and failed to correct it within a reasonable time.
The pertinent provision of the lease at issue states:
Lessee assumes responsibility for the condition of the premises and Lessor will not be responsible for damages caused by ... any vices or defects of the leased property, or the consequences thereof.
There is thus no question that unless the owners had notice of the alleged defect or otherwise knew or should have known of it, they cannot be liable to plaintiff.
The evidence bearing on this point is first an affidavit by Roy Gattuso, one of the owners of the premises. He recites that he is authorized to act for all owners, and that had any notification been received from the lessee as to defects, he would have been responsible to have it corrected. He further states that he never received any such notice, either written or oral, and that he contacted all other owners who similarly denied receiving any such notice. Further, he avers that he had inspected the building on several occasions prior to this accident and had no reason to believe that any problem existed at the entryway.
Plaintiff submitted his deposition testimony, which he alleges raises a material issue as to whether the owners were aware of the alleged defect. This testimony was that there had been three prior incidents in the entryway. Plaintiff further stated that a manager at the store had told the employees at a meeting that he intended to speak to the owners about the problem. Subsequent to this meeting, he in fact saw the manager speaking to Sam Bertucci and George Salvaggio. He did not hear this conversation, but assumed it concerned the entryway. These two gentlemen are not identified other than by name, neither is shown to be an owner, their names do not appear anywhere in the lease, and they are not parties defendant in the suit against the owners. Although plaintiff’s counsel contends in brief that these men are an owner and the builder of the premises for the owners, respectively, these are unsupported allegations. There are thus no dep *1101 ositions, affidavits, admissions, or answers to interrogatories on file which show that there is any genuine issue as to the fact that the owners were not aware of any defect in the premises. In this circumstance, the clause in the lease wherein the lessee assumed responsibility for defects in the premises, absolves the owners of liability to the plaintiff for the allegedly defective plastic strip. We hold, therefore, that summary judgment in favor of the owners and Lafayette Insurance Co., their insurer, was properly granted.
Because we find that summary judgment was proper in favor of the owners and Lafayette, we need not reach plaintiff’s second issue, i.e., whether a lessee-employer who has assumed responsibility for defects in leased premises is immune in tort to an employee injured because of such a defect. Superior Waterbeds, Inc. appears in this suit only as a third-party defendant for indemnity to Lafayette, in the event that Lafayette were to be cast in judgment for plaintiffs injuries. Since Lafayette has now been dismissed from plaintiff’s demand, its action against Superior Waterbeds is moot, and summary judgment in its favor was also proper.
For the foregoing reasons, the judgments of the trial court are hereby affirmed.
AFFIRMED.